## Dawn v. Commonwealth.

(Decided June 21, 1927.)

## Appeal from Harlan Circuit Court.

1. Criminal Law.—Refusal of motion for new trial in homicide case to enable defendant to secure testimony of witnesses who though warrant had issued for them, had not appeared, held not error, where affidavit failed to disclose expected evidence would influence jury to return a different verdict than it did.

2. Criminal Law.—Defendant convicted of manslaughter held not entitled to question trial court's refusal of continuance for absent witnesses and of permission to file affidavit of expected testimony, where record failed to show motion for continuance and offer to file affidavit.

G. G. RAWLINGS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was indicted for the crime of murder. The jury found him guilty of manslaughter, and fixed his punishment at 18 years in the penitentiary. He complains only of the failure of the court to grant him a continuance or to allow him to file an affidavit showing what he could prove by absent witnesses. He filed an affidavit with his motion and grounds for a new trial. From this affidavit we gather that his witnesses had been subpoenaed to appear in court, but, when the trial was called, two of them were not present. The court directed a warrant of arrest to issue for them, but they were not apprehended and brought to court. We have examined the affidavit in connection with the evidence in the case, and it does not appear to us that the evidence was of sufficient importance to have influenced the jury to return a different verdict. There was no motion for a continuance, and there is nothing in the record showing that there was an offer to file an affidavit in support of any motion for a continuance. The record is entirely silent on these points. The appellant, therefore, is not in position to raise the question here.

The instructions given by the court are correct. We have considered the record, and have reached the conclusion that there was no error which was prejudicial to the rights of appellant.

Judgment is affirmed.